UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-55555 |
| Plaintiff - Appellee, | |
| v. | DC Nos.    CV 13-00453 BTM<br>CR 09-00365 BTM |
| TRAVIS CHELBERG, aka Whisper, | **O R D E R** |
| Defendant - Appellant. | |

Before:    TASHIMA, SILVERMAN, and GRABER,   Circuit Judges.

The Memorandum filed May 6, 2016, is withdrawn and replaced by a corrected Memorandum filed concurrently with this Order, which corrects the sentence imposed on Defendant.  With that correction, the panel has voted to deny the petition for panel rehearing.  Judges Silverman and Graber vote to deny the petition for rehearing en banc and Judge Tashima so recommends.  The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on en banc rehearing.  *See* Fed. R. App. P. 35(f).  The petition for panel rehearing and the petition for rehearing en banc are denied.  No further petitions for panel rehearing and/or rehearing en banc with respect to the corrected Memorandum will be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-55555 |
| Plaintiff - Appellee, | DC Nos.    CV 13-0453 BTM |
| v. | CR 09-0365 BTM |
| TRAVIS CHELBERG, aka Whisper, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted April 6, 2016[**]
Pasadena, California

Before:    TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Defendant-Appellant Travis Chelberg filed a motion for post-conviction

relief in the district court under 28 U.S.C. § 2255, claiming ineffective assistance

of counsel.  Chelberg argued that his trial attorney's advice – to admit in his plea

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

agreement that he qualified as a career offender under the Sentencing Guidelines – was constitutionally inadequate. The district court denied the motion. We have jurisdiction under 28 U.S.C. §§ 2253(a) and 2255(d), and we affirm.

## I.

In 2009, Chelberg was charged with: (1) being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g), 924(a)(1); and (2) conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846. While in custody on these charges, Chelberg attacked a fellow prisoner. Based on this incident, a superseding information was filed, charging Chelberg with assault with intent to commit a felony (witness tampering), in violation of 18 U.S.C. §§ 7, 113(a)(2). Taken together, the foregoing charges would have subjected Chelberg to significant prison time. Chelberg pleaded guilty to the felon in possession and assault charges. In exchange, the government agreed to dismiss the conspiracy charge, which carried the heaviest potential sentence.

The plea agreement also stated that Chelberg qualified for a career offender enhancement under U.S.S.G. § 4B1.1. At the sentencing hearing Chelberg himself, separate from his attorney, raised questions about whether his predicate offenses properly qualified for application of the career offender enhancement. The sentencing judge found Chelberg's concerns to be without merit. The judge

- 2 -

imposed a 120-month sentence of imprisonment as to Count 1 and a consecutive 48-month sentence as to Count 2, for an aggregate sentence of 168 months (14 years).

In February 2013, Chelberg filed a motion for post-conviction relief under 28 U.S.C. § 2255. As he did at the sentencing hearing, Chelberg argued that one of his predicate offenses could not properly be counted when applying the career offender enhancement. Were the court unable to count the predicate offense, Chelberg argues that he would not qualify for the enhancement. Thus, Chelberg believes that the attorney who negotiated his plea agreement and represented him at the sentencing hearing provided ineffective assistance of counsel by advising Chelberg to admit career offender status. The district court denied the § 2255 motion and granted a Certificate of Appealability ("COA") as to that issue.

**II.**

To prove ineffective assistance of counsel when a habeas petitioner has pleaded guilty, a defendant must show that: (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here,

Chelberg's attorney's representation that Chelberg qualified for the career offender enhancement did not fall below an objective standard of reasonableness.[1]

To qualify for a career offender enhancement, a defendant must be an adult charged with "a felony that is either a crime of violence or a controlled substance offense" and have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines define "two prior felony convictions" as including two felony convictions that "are counted separately" under U.S.S.G. § 4A1.1(a), (b), or (c). *Id*. § 4B1.2(c). Prior offenses are counted separately if they "were imposed for offenses that were separated by an intervening arrest." *Id*. § 4A1.2(a)(2).

The district court held that Chelberg qualified for the enhancement based on two prior felony convictions. *First*, in 1996, Chelberg was convicted of assault with a firearm, in violation of California Penal Code § 245(a)(2). *Second*, in 1999,

---

[1]     We need not reach the second prong of the *Strickland* analysis. We note, however, that Chelberg received the plea bargain he requested.

Chelberg was convicted of possession of a controlled substance for sale, in violation of California Health and Safety Code § 11378.[2]

Chelberg argues that his 1999 possession conviction does not qualify as a predicate offense, because the government did not present evidence that it was separated from the 1999 transportation conviction by an intervening arrest.[3] However, the PSR stated that the 1999 convictions *were* separated by an intervening arrest. Chelberg never objected to or otherwise questioned the accuracy of the PSR, although he was given the opportunity to do so at his sentencing hearing, nor did he adduce any evidence refuting this point. It was thus objectively reasonable for the attorney to rely on the uncontested facts as stated in the PSR when advising Chelberg to admit career offender status in his plea. *See*

---

[2] On the same day that Chelberg was sentenced on the possession charge, he was sentenced on a separate charge of transporting a controlled substance, in violation of Cal. Health & Safety Code § 11379(a). The transportation conviction did not clearly qualify as a prior controlled substance conviction, and the court did not rely on it in applying the career offender enhancement. The Pre-Sentence Investigation Report ("PSR") indicated that Chelberg was arrested on the transportation charge about four months after his arrest on the possession charge.

[3] Chelberg's argument rests on the premise that because these two convictions were not separated by an intervening arrest, under the Guidelines, they should be treated as a single offense, and because transportation does not qualify as a controlled substance offense, his 1999 conviction is not a qualifying career offender offense. We need not address this issue because, as explained in the text, above, the premise of Chelberg's argument fails.

*Hill*, 474 U.S. at 61-62 (White, J., concurring) (noting that there was "no factual basis for suggesting that attorney's advice was incompetent" where there was no evidence that the petitioner conveyed a critical fact to the attorney); *United States v. Roberts*, 5 F.3d 365, 371-72 (9th Cir. 1993) (holding that counsel's advice was objectively reasonable where there was no evidence that the alleged inaccuracies in the PSR actually existed).[4]

## III.

Chelberg raises a number of other arguments on appeal that are not included in the COA. "In federal habeas corpus proceedings, the exercise of appellate jurisdiction is dependent entirely upon the issuance of a COA." *United States v. W.R. Grace*, 526 F.3d 499, 522 (9th Cir. 2008) (en banc) (ellipsis omitted) (quoting *Phelps v. Alameda*, 366 F.3d 722, 726 (9th Cir. 2004)); *see also* 28 U.S.C. § 2253(c). We may expand the COA, *see* Ninth Cir. R. 22-1(e), but "only if the applicant has made a substantial showing of the denial of a constitutional right." *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014) (quoting 28 U.S.C. §

---

[4] It follows also that the district court did not err in relying on the unchallenged PSR. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1161 (9th Cir. 2000) ("[A] district court may rely on an unchallenged PSR at sentencing to find . . . that the facts underlying a sentence enhancement have been established.").

2253(c)(2)).  Because Chelberg has not made such a showing, we decline to expand the COA.

**AFFIRMED.**